IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:22-cv-00570 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VALLARTA #5 INC. | ) | |
| d/b/a VALLARTA'S | ) | |
| MEXICAN RESTAURANT, and | ) | |
| ERNESTO JIMENEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# COMPLAINT

The United States of America complains and alleges as follows:

1. The United States brings this action to enjoin defendants Vallarta #5 Inc. d/b/a Vallarta's Mexican Restaurant ("Vallarta #5") and Ernesto Jimenez from failing to withhold, pay over to, and report to the Internal Revenue Service their federal employment and unemployment taxes.

2. This action is authorized and requested by the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States, and is commenced at the direction of the Attorney General of the United States.

3. The United States seeks to permanently restrain and enjoin Vallarta #5 and Mr. Jimenez from:

   a. Failing to withhold from the wages of their employees required

      income and employment taxes;

b. Failing to pay over to the IRS federal employment taxes including those withheld from employee wages;

c. Failing to make timely federal employment and unemployment tax deposits and payments to the IRS; and

d. Failing to file timely federal employment and unemployment returns (Forms 941 and 940, respectively).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345.

5. Vallarta #5 is located and operating at 13731 N. Dale Mabry Highway, Suite 37, Tampa, Hillsborough County, Florida 33618, which is within the jurisdiction of this Court.

6. Ernesto Jimenez resides in Tampa, Hillsborough County, Florida, which is within the jurisdiction of this Court. Jimenez is Vallarta #5's president, registered agent, and manager.

7. Venue is proper under 28 U.S.C. §§ 1391(b) and 1396 because Vallarta #5 maintains its principal place of business in this judicial district, Ernesto Jimenez resides in this judicial district, and a substantial portion of the events giving rise to this action occurred within this judicial district.

# FACTS

A. *Vallarta #5's Unpaid Employment Tax Liabilities*

8. Defendant Ernesto Jimenez incorporated Defendant Vallarta #5 in Florida effective April 4, 2006. It is a Florida for-profit corporation doing business as "Vallarta's Mexican Restaurant."

9. Vallarta #5 has employees to whom it pays wages.

10. As an employer, Vallarta #5 is required to withhold federal income and Federal Insurance Contribution Act ("FICA") taxes from wages it pays to its employees and to pay over those withheld taxes to the IRS. These taxes are called "trust fund" taxes because they are withheld and held in trust for the United States. 26 U.S.C. § 7501.

11. Vallarta #5 must also pay its own share of FICA and Federal Unemployment Tax Act ("FUTA") taxes. These taxes and the trust fund taxes collectively are known as "employment taxes."

12. Vallarta #5 is required to file quarterly FICA returns (Form 941) and annual FUTA returns (Form 940).

13. Vallarta #5 must also periodically deposit employment taxes in an appropriate federal depository bank in accordance with the federal depositing regulations.

14. Vallarta #5 has continually and repeatedly incurred unpaid employment taxes by failing to report, or timely report, employment taxes

and failing to deposit those taxes. Vallarta #5 has also failed to file corporate income tax returns (Forms 1120) for tax years 2013 to 2020.

15.  On the dates and for the periods shown below, a delegate of the Secretary of the Treasury assessed federal taxes, penalties, and interest against Vallarta #5. The balance due is shown in the last column:

| Form/Tax Type | Tax Period | Date of Assessment | Balance (including penalties and accruals) through 01/31/22) |
|---|---|---|---|
| 941 | 03/31/2016 | 05/23/2016 | $15,761.83 |
| 941 | 06/30/2016 | 08/22/2016 | $17,048.63 |
| 941 | 09/30/2016 | 11/21/2016 | $52,166.55 |
| 941 | 12/31/2016 | 02/27/2017 | $42,290.57 |
| 941 | 03/31/2017 | 05/22/2017 | $40,617.41 |
| 941 | 06/30/2017 | 08/21/2017 | $54,251.51 |
| 941 | 09/30/2017 | 11/27/2017 | $43,700.81 |
| 941 | 12/31/2017 | 02/26/2018 | $19,081.68 |
| 941 | 03/31/2018 | 05/21/2018 | $7,435.53 |
| 941 | 06/30/2018 | 08/27/2018 | $5,190.86 |
| 941 | 09/30/2018 | 11/26/2018 | $9,098.16 |
| 941 | 12/31/2018 | 02/25/2019 | $9,920.64 |
| 941 | 03/31/2019 | 05/06/2019 | $464.52 |
| 941 | 06/30/2019 | 07/29/2019 | $401.10 |
| 941 | 09/30/2019 | 11/25/2019 | $13,296.06 |
| 941 | 12/31/2019 | 02/24/2020 | $31,941.38 |
| 941 | 03/31/2020 | 05/25/2020 | $7,518.79 |
| 941 | 09/30/2020 | 11/30/2020 | $4,840.04 |
| 941 | 12/31/2020 | 01/31/2021 | $273.85 |
| 941 | 03/31/2021 | 05/03/2021 | $360.32 |

| | | | |
|---|---|---|---|
| 940 | 12/31/2016 | 02/27/2020 | $959.30 |
| 940 | 12/31/2019 | 03/02/2020 | $229.12 |
| | | **Total** | **$376,848.66** |

16. The IRS filed Notices of Federal Tax Liens ("NFTLs") for all liabilities listed in paragraph 15.

17. The IRS also levied Vallarta#5's bank accounts seeking to collect the liabilities listed in paragraph 15. Since 2017, the IRS has served at least thirty-two levies on several financial institutions in which Vallarta #5 held assets. These levies have failed to collect the full amount owed. Defendants have avoided payment under the levies through cash-based sales.

18. The IRS considered seizures of Vallarta #5's liquor license and cash register. However, the liquor license was already encumbered by another entity's lien, and the cash register seizure was not undertaken because of concerns about the novel coronavirus pandemic.

19. A power of attorney for Vallarta #5 filed Collection Due Process ("CDP") requests challenging the IRS levies for the Form 941 periods ended September 30, 2016, December 31, 2016, and March 31, 2017, and for the Form 940 period ended December 31, 2016. The levies were sustained because Vallarta #5 failed to respond to the IRS's request to schedule a CDP hearing.

20. A power of attorney for Vallarta #5 filed a Collection Due Process

request challenging the IRS levies for the Form 941 tax periods ended September 30, 2019, December 31, 2019, and March 31, 2020, and for the Form 940 period ended December 31, 2019. That request is pending as of this filing.

B. *Ernesto Jimenez's Unpaid Employment Tax Liabilities*

21. Ernesto Jimenez was the original incorporator, and is the president, registered agent, and manager of Defendant Vallarta #5.

22. Upon information and belief, Mr. Jimenez was president and manager during all tax periods at issue.

23. As president and manager of Vallarta #5, Mr. Jimenez was a person responsible for the financial operations of the restaurant.

24. Mr. Jimenez was responsible for, and willfully failed to, pay over the unpaid employment tax liabilities of Vallarta #5.

25. As a result of this willful failure, the IRS assessed Trust Fund Recovery Penalties ("TFRPs") against Mr. Jimenez for all periods at issue.

26. The IRS filed Notices of Federal Tax Liens for Mr. Jimenez's unpaid Trust Fund Recovery Penalty liabilities for tax periods ended December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016, December 31, 2016, March 31, 2017, June 30, 2017, September 30, 2017, December 31, 2017, March 31, 2018, and June 30, 2018.

27. The Notices of Federal Tax Liens filed against Mr. Jimenez, and other collection efforts taken against the business, have failed to secure Mr. Jimenez's compliance.

28. All collection efforts have failed to secure compliance from either Defendant.

### COUNT I – THE UNITED STATES IS ENTITLED TO AN INJUNCTION PURSUANT 26 U.S.C. § 7402(a)

29. The United States reasserts the allegations in paragraphs 1–28.

30. Section 7402(a) of the Internal Revenue Code (Title 26 of the United States Code) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available.

31. Vallarta #5 and Mr. Jimenez have substantially interfered with, and continue to substantially interfere with, the internal revenue laws by continually failing (a) to withhold and pay employment tax obligations required by 26 U.S.C. §§ 3101, 3102, 3111, 3301, 3402, and 3403; (b) to make employment tax deposits as required by 26 U.S.C. §§ 6302, 6157, 6656 and Treasury Regulation (26 C.F.R.) §§ 31.6302-1, 31.6302(c)-1, -3; and (c) to file, or timely file, Forms 940 and 941 as required by 26 U.S.C. §§ 6011, 6071.

32. Mr. Jimenez, as president and manager of Vallarta #5, and as the person responsible for its financial affairs, has substantially interfered with,

7

and continues to substantially interfere with, the internal revenue laws by (a) obstructing IRS efforts to collect those liabilities by dealing in cash, otherwise structuring and operating the business to avoid levies, and ignoring summonses; (b) continually failing to file, or timely file, Forms 941 and 940; (c) failing to cause Vallarta #5 to pay its employment tax obligations as required by law; and (d) failing to cause it to make employment tax deposits as required by law.

33. An injunction is appropriate and necessary to prevent continued violations.

34. Absent intervention by this Court, the United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes owed by Vallarta #5 and Mr. Jimenez.

35. Since the IRS first contacted Vallarta #5 about its non-compliance with employment tax obligations, both Vallarta #5 and Mr. Jimenez have consistently failed to comply with federal law. The numerous Notices of Federal Tax Liens and levies filed against both Defendants have failed to secure their compliance.

36. The United States has suffered and will continue to suffer irreparable harm as a result of Vallarta #5 and Mr. Jimenez's violation of federal statutes, including but not limited to:

    a. the loss of tax revenue, including the loss of employees' FICA and

       income taxes for which the employees already have received credit;

b. the drain on limited IRS resources due to the extensive required oversight of Vallarta #5;

c. the lack of other avenues to fully collect Vallarta #5's growing employment tax liabilities; and

d. the harm to the system as a whole when competitors see Vallarta #5's continued non-compliance with the very federal laws they are following.

37. The harm suffered by the United States because of continuing pyramiding outweighs the harm Vallarta #5 and Mr. Jimenez would suffer by being forced to comply with the law by timely paying employment tax obligations and filing employment tax returns. Defendants will suffer no harm from compliance.

38. An injunction in this case would serve the public good. As the efficacy of the federal income tax and Social Security system relies on employers to collect and remit income and FICA/FUTA taxes paid by its employees, the pyramiding of Defendants' tax liabilities undermines the most vital cog in our system of tax collection.

39. Additionally, by using the tax money presumably for the business's expenses, Vallarta #5 and Mr. Jimenez exact an involuntary

9

subsidy on the taxpayers of the United States. An injunction would bring an end to this waste of taxpayer resources.

40. Furthermore, Vallarta #5 and Mr. Jimenez's obstruction and interference with internal revenue laws not only sends a poor message to a public comprised of compliant taxpayers, but also provides Vallarta #5 with a competitive advantage over business competitors who timely pay federal employment taxes that the defendants ignore.

41. In the absence of an injunction backed by this Court's contempt power, Vallarta #5 and Mr. Jimenez are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding taxes to the detriment of the United States.

**WHEREFORE**, the United States respectfully requests that this Court:

A. Find that Defendants Vallarta #5 and Ernesto Jimenez have engaged and are engaging in conduct interfering with the enforcement of the internal revenue laws;

B. Find that injunctive relief under Section 7402(a) of the Internal Revenue Code and the Court's inherent equity power is necessary and appropriate to prevent Defendants Vallarta #5 and Ernesto Jimenez from interfering with the enforcement of the internal revenue laws;

C. Enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ.

P. 65, and the Court's inherent equity powers, ordering that:

1. Vallarta #5 and Ernesto Jimenez (individually and doing business under any other name or using any other entity), and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, shall withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA taxes;

2. Vallarta #5 and Ernesto Jimenez shall cause Vallarta #5, and any other entity he controls, to timely deposit withheld employee taxes, and the employer portion of FICA taxes, in an appropriate federal depository bank in accordance with federal deposit regulations;

3. Vallarta #5 and Ernesto Jimenez shall cause Vallarta #5, and any other entity he controls, to timely deposit FUTA taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

4. Ernesto Jimenez, and any other individuals who are responsible for carrying out the duties established under paragraphs C(2) and (3) above, shall, for a period of five years from the date of an injunction, sign and deliver affidavits to IRS Manager James

Livingston, ATTN: RO Zamboli, 3848 W. Columbus Drive, M/S 5222, Tampa, FL 33607, or to such other specific location as directed by the IRS, on the first day of each month, stating that the requisite withheld income, FICA and Medicare taxes, and FUTA were fully and time deposited for each pay period during the prior month;

5. Vallarta #5 and Ernesto Jimenez shall timely file all Form 941 and 940 tax returns with the IRS by sending them to IRS Manager James Livingston, ATTN: RO Zamboli, 3848 W. Columbus Drive, M/S 5222, Tampa, FL 33607, or to such other specific location as directed by the IRS;

6. Vallarta #5 and Ernesto Jimenez are enjoined from paying other creditors of Vallarta #5 or from transferring, disbursing, or assigning any money, property, or assets of Vallarta #5 after the date of the injunction order until after such time as the required deposits described in paragraphs C(2) and C(3);

7. Defendants Vallarta #5 and Ernesto Jimenez are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Vallarta #5's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

    8. Defendants Vallarta #5 and Ernesto Jimenez shall permit a representative from the Internal Revenue Service to inspect Vallarta #5's books and records periodically, with two business days' notice of each inspection; and

    9. For the five-year period beginning on the date this injunction order is entered, Ernesto Jimenez shall notify, in writing, such revenue officer as the IRS designates, if Mr. Jimenez comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Mr. Jimenez;

    D.    Require Defendants Vallarta #5 and Ernesto Jimenez to deliver to all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

    E.    Retain jurisdiction over this case to ensure compliance with this injunction, including permitting the United States to conduct post-judgment discovery;

    F.    Terminate the injunction only after Defendants Vallarta #5 and Ernesto Jimenez fully comply with the permanent injunction for a period of five (5) years;

G. Order that, if Defendants Vallarta #5 or Ernesto Jimenez violate any term of this injunction, then counsel for the United States shall send Defendants written notice of the violation, and Defendants shall have 10 days after notification is sent to cure the violation; and

1. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer.

2. If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

3. If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Defendants Vallarta #5 and Ernesto Jimenez, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Vallarta #5 and Mr. Jimenez should not be held in contempt of this injunction and why Vallarta #5 should not be ordered to cease doing business immediately and why Mr. Jimenez should

14

        not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment or unemployment taxes or for filing employment or unemployment tax returns.

    H.    Grant the United States such other relief, including costs, as is just and equitable.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

By: */s/ Christina T. Lanier*
CHRISTINA T. LANIER
D.C. Bar No. 1779680
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-765-4908 (Phone)
202-514-4963 (Facsimile)
Christina.T.Lanier@usdoj.gov

*Of Counsel:*

ROGER B. HANDBERG
United States Attorney
Middle District of Florida

## CERTIFICATE OF COMPLIANCE

I certify that this Complaint was typed in 13-point Century Schoolbook font in compliance with this Court's standing order.

*/s/ Christina T. Lanier*
Trial Attorney, Tax Division
U.S. Department of Justice
